**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0284, <u>In the Matter of Tara Broom and Jeffrey Broom</u>, the court on March 10, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Jeffrey Broom (father), appeals a final decree and parenting plan issued by the Circuit Court (<u>Carbon</u>, J.) in his divorce from the petitioner, Tara Broom (mother). He contends that the trial court erred by: (1) awarding the mother primary residential responsibility for the parties' child, who was three at the time of the hearing; (2) effectively requiring him "to do all of the transportation associated with the routine parenting schedule"; (3) awarding the wife "sole decision-making authority on major medical decisions about the child"; and (4) requiring him to maintain life insurance naming the wife as trustee beneficiary for the child.

The trial court has wide discretion in matters involving the allocation of parenting rights and responsibilities. <u>In the Matter of Miller & Todd</u>, 161 N.H. 630, 640 (2011). Our review is limited to determining whether the trial court clearly engaged in an unsustainable exercise of discretion. <u>Id</u>. This means that we review only whether the record establishes an objective basis sufficient to sustain the trial court's discretionary judgment, and we will not disturb its determination if it could reasonably have been made. <u>Id</u>.

We first address whether the trial court erred in awarding the mother primary residential responsibility for the child. When determining matters of child custody, a trial court's overriding concern is the best interest of the child. <u>Id</u>. RSA 461-A:6, I (Supp. 2016) codifies factors that the trial court must consider when determining the child's best interest and allows the court to consider any other factor it deems relevant, RSA 461-A:6, I(l). However, nothing in the statute, absent a party's request, obligates the trial court to issue express findings of fact relative to those factors. <u>See</u> RSA 461-A:6, VII (requiring trial court, "[a]t the request of an aggrieved party," to "set forth the reasons for its decision in a written order"); <u>cf</u>. <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 598 (2011) (observing that the factors considered by the trial court in resolving a parenting dispute were consistent with the factors set forth in RSA 461-A:6, I). Rather, we assume that the trial court made all subsidiary findings necessary to support its general ruling, including a finding that a parenting plan is in the child's best interest. <u>In the Matter of Kosek & Kosek</u>, 151 N.H. 722, 725 (2005).

In this case, the trial court awarded the father five nights of parenting time and the mother nine nights in each two week period. Prior to the parties' separation, the mother was the child's primary caretaker. The trial court found it "surprising" that the father was spending significant amounts on alcohol in light of his past heroin addiction. The father testified that he works late on Mondays and Tuesdays; thus, the trial court could have reasonably decided not to give him parenting time on those nights. Furthermore, the trial court could have reasonably decided that giving the father parenting time on more school nights was not in the child's best interest because the child attended school in the mother's area and the drive between the parents' homes was long.

The father argues that "the trial court failed to acknowledge the numerous factors set forth in NH RSA 461-A:6 that favor a shared parenting arrangement." He contends that: (1) the child thrives with him; (2) the child has a strong bond with the father's son and parents; (3) the trial court rejected the mother's accusations against the son, but did not consider "the impact that these false accusations . . . had on the parenting situation"; (4) there was no evidence that the father was responsible for the parties' poor communication; and (5) the mother has relocated several times since the parties separated. However, nothing in RSA 461-A:6 compelled the trial court to weigh these facts so as to allocate parenting time differently. We conclude that the record establishes an objective basis sufficient to sustain the trial court's allocation of parenting time. See Miller, 161 N.H. at 640.

We next address whether the trial court erred by, as the father claims, effectively requiring that he do all the transportation required by the parenting schedule. The trial court provided that "[t]he parent beginning her/his parenting time is responsible for pick-up. If [the child] has school at the end of parenting time, the parent concluding her/his time shall transport [the child] to school." Because the father's parenting time concludes on school days, he argues that he is responsible for both picking up the child at the start of his parenting time and returning her to school at the end.

We note that as to the two days that the father is scheduled to pick up the child, he does not work on one day and on the other he is scheduled to pick up the child at 5:00 p.m. As to the two days that he is scheduled to return the child to school, on one day he goes into work late in the morning, leaving only one return that conflicts with his work schedule. The mother represents that her work schedule also conflicts with this return.

Although the father "has another child that he needs to get to school," the trial court could have reasonably considered evidence that his parents have actively assisted him with childcare and found that he was better able than the mother to manage the impact of transporting the child. To the extent that the father argues that the mother should be required to share in transporting the child because she chose to relocate away from the marital home, nothing in the

statute required the trial court to reach a different result based upon this factor. Accordingly, we conclude that the record establishes an objective basis sufficient to sustain the trial court's order regarding transportation. See Miller, 161 N.H. at 640.

We next address whether there is sufficient support for the award of "sole decision-making authority on major medical decisions about the child" to the mother. RSA 461-A:5 (Supp. 2016) creates a presumption that joint decision-making responsibility is in a child's best interest. We note that the trial court provided that the parents make all other types of major decisions jointly.

The trial court found that the father's failure to obtain information about a dog that bit the child, even though he spoke with the dog's owner, was "irresponsible." As result, the child had to undergo rabies inoculations, and the parents incurred a substantial medical bill. The father did not inform the mother of the dog bite until she confronted him about it several hours after it occurred. The trial court found the father's "unwillingness to share this kind of information with Mother in a timely manner likewise irresponsible." Furthermore, the mother testified that, when the child was six months old, the father declined to leave work when she needed another adult to help her transport the child to an emergency department on a doctor's advice.

The father argues that: (1) he intended to inform the mother about the dog bite "later when the children were out of earshot"; (2) "he was concerned that the [mother] would overact"; (3) the child's health was not compromised by his failure to notify the mother immediately; and (4) "he did not consider the situation an emergency that warranted immediate treatment." These arguments, however, do not address the trial court's concern that the father failed to obtain information, including whether the dog had been vaccinated for rabies, that was essential to making informed medical decisions. Accordingly, we conclude that the record establishes an objective basis sufficient to sustain the trial court's allocation of decision-making authority. See Miller, 161 N.H. at 640.

Finally, we address whether the trial court erred in requiring the father to maintain life insurance for the child's benefit. To the extent that the father is arguing that the trial court lacked jurisdiction to order such relief, we conclude that the relief is within the equitable authority of the circuit court's family division. See RSA 490-D:3 (2010); see also RSA 490-F:3 (Supp. 2016) (granting circuit court jurisdiction conferred upon former judicial branch family division); In the Matter of O'Neil & O'Neil, 159 N.H. 615, 622 (2010). To the extent he is arguing that the trial court erred as a matter of law or unsustainably exercised its discretion in ordering the relief because he has been ordered to pay child support under the child support guidelines, we conclude that the issue is not preserved.

Issues must be raised at the earliest possible time to afford the trial court a full opportunity to come to sound conclusions and to correct claimed errors in the first instance. O'Hearne v. McClammer, 163 N.H. 430, 438 (2012). The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a timely motion for reconsideration. Fam. Div. R. 1.26(F); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). An issue not raised until after the filing of a motion for reconsideration is not preserved for our review. See O'Hearne, 163 N.H. at 439 (holding argument raised for first time in reply to objection to motion for reconsideration not preserved).

In this case, the father raised the argument that the trial court could not require life insurance for the first time in a second motion for reconsideration, filed only after the trial court had denied his earlier post-decision motion for clarification or reconsideration. In the first motion, the father requested only that the court require him to have life insurance if "he actually qualifies for such coverage at a reasonable cost." Under these circumstances, we conclude that the father failed to preserve any argument that the trial court violated the child support guidelines or unsustainably exercised its discretion by requiring that he obtain life insurance. See id.

Finally, to the extent that the father argues that the trial court erred by requiring him to buy life insurance regardless of the cost, we note that the father did not present the trial court with evidence of the actual cost of insurance on his life. The trial court, in its order on the father's first motion for reconsideration, provided that, if he produced a letter from his employer refusing to provide him with life insurance, he might request reconsideration at that time. However, the record before us does not reflect that the father provided a rejection letter from his employer or requested reconsideration on that basis. Accordingly, we conclude that the record establishes an objective basis sufficient to sustain the trial court's requirement that the father have life insurance for the child's benefit. See Miller, 161 N.H. at 640.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**